UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-85 JVS (ADSx) | Date | December 15, 2021 |
| Title | Evgeny Merzlyakov v. 4D Reality, Inc. et al. | | |

Present: The Honorable   **James V. Selna, U.S. District Court Judge**

| Elsa Vargas for Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**     **[IN CHAMBERS] Order Regarding Motion for Entry of Final Judgment**

Defendant George Benashvili ("Benashvili") filed a motion for entry of final judgment. Mot., Dkt. No. 81. Plaintiff Evgeny Merzlyakov ("Merzlyakov") opposed the motion. Opp'n, Dkt. No. 83. Benashvili responded. Reply, Dkt. No. 90.

For the following reasons, the Court **DENIES** the motion.

## I. Background

The factual background and procedural history of this dispute is discussed at length in the Court's prior order. See Order, Dkt. No. 77. Relevant to this motion, Merzlyakov's Amended Complaint names four defendants: 4D Reality, Inc. ("4D Reality"), Rouben Simonian ("Simonian"), Simonian & Associates Consulting, Inc. ("Simonian & Associates"), and Benashvili. See First Amended Complaint ("FAC"), Dkt. No. 32. Of the six total causes of action alleged by Merzlyakov, two causes of action named Benashvili as a defendant: Breach of Contract and Covenant of Good Faith and Fair Dealing, FAC ¶¶ 51-56; and Declaratory Judgment, FAC ¶¶ 67-73. Benashvili moved for summary judgment on both causes of action against him. See Dkt. No. 66. The Court granted Benashvili's motion for summary judgment in full. See Order at 18.

## II. Legal Standard

"When an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-85 JVS (ADSx)   Date  December 15, 2021

Title  Evgeny Merzlyakov v. 4D Reality, Inc. et al.

54(b). Judgment may be entered where (1) there is a final judgment of an individual claim and (2) there is no just reason to delay. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7–8 (1980). A partial final judgment is appropriate when there are distinct and severable claims. Wood v. GCC Bend, LLC, 422 F.3d 873, 878–89 (9th Cir. 2005). However, partial judgment under Rule 54(b) is not appropriate when the risk of "multiplying the number of proceedings and of overcrowding the appellate docket" outweighs "pressing needs ... for an early judgment." Morrison–Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). "[E]xpeditious decision of the case" may be a pressing need. See Core–Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1484 (9th Cir. 1993).

### III. DISCUSSION

Both parties agree that the Order granting Benashvili's motion for summary judgment disposed of all claims against him. The remaining question is whether there is any just reason for delay in entering judgment. See Curtiss-Wright, 446 U.S. at 8. While Benashvili presents multiple arguments in support of his request, the Court agrees with Merzlyakov that entry of final judgment is not warranted at this time.

Benashvili argues that there is no risk of piecemeal appeal because the Court granted summary judgment on the breach of contract cause of action to both Benashvili and Simonian, thus resolving that particular cause of action, and the Court granted summary judgment to both individual defendants on the declaratory judgment action, thus resolving the issues relevant to Benashvili. Mot. at 7-8. But while the Court granted summary judgment to both Benashvili and Simonian on the breach of contract and declaratory judgment claims, only Benashvili is moving for entry of final judgment at this time. Additionally, while there is not total overlap, the remaining counts in this case concern the same contract and the same facts. Granting entry of judgment to Benashvili now would create an unnecessary risk of successive appeals revisiting these same facts and crowding the appellate docket. See Morrison–Knudsen Co., Inc., 655 F.2d at 965 (9th Cir. 1981).

In support of his argument that the equities in this case favor entry of judgment, Benashvili asserts that he should not have to wait for a judgment to be entered, and that entry of final judgment would expedite the trial and focus the issues. Mot. at 8. The trial in this case is currently scheduled to begin in less than two months. See Dkt. No. 87

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-85 JVS (ADSx)                                    Date   December 15, 2021

Title   Evgeny Merzlyakov v. 4D Reality, Inc. et al.

(maintaining current trial date of January 25, 2020). Benashvili presents no argument to suggest that he will suffer any prejudice if the entry of judgment is delayed until after completion of the trial. See Campos v. County of Riverside, No. EDCV 14-1370-JGB (KKx), 2016 WL 9173451, at *3 (C.D. Cal. July 14, 2016) (declining to enter judgment where defendant had not presented evidence showing it will suffer any prejudice if judgment is entered after trial set to begin in two months). Benashvili similarly fails to elaborate on how entry of judgment at this time would have any impact on the speed or scope of trial. Given the risk of multiple appeals discussed above, Benashvili has not provided sufficient reasons to support entering a final judgment at this time. See Wood v. GCC Bend, LLC, 422 F.3d 873, 882 (9th Cir. 2005) ("We cannot afford the luxury of reviewing the same set of facts in a routine case more than once without a seriously important reason.").

Accordingly, the Court finds that entry of final judgment on the claims against Benashvili would not be appropriate at this time.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for entry of final judgment. The Court finds that oral argument would not be helpful in this matter. Fed R. Civ. P. 78; L.R. 7-15. The Court **VACATES** the hearing scheduled for December 20, 2021.

**IT IS SO ORDERED.**

                                                                                    :   0

                                              Initials of Preparer    eva/lmb